**FILED**
**U.S. District Court**
**District of Kansas**
11/06/2026
**Clerk, U.S. District Court**
**By: KGS Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**BRYCE WILKINS, SR.,**

**Petitioner,**

**v.** **CASE NO. 26-3314-JWL**

**STATE OF KANSAS, et al.,**

**Respondents.**

## MEMORANDUM AND ORDER

On September 16, 2026, the Court granted Petitioner Bryce Wilkins, Sr. leave to proceed in forma pauperis in this mandamus action. (*See* Docs. 1 and 5.) The Court assessed an initial partial filing fee of $37 and granted Petitioner until October 16, 2025 to submit the fee, warning him that if he failed to do so, this matter could be dismissed without further prior notice. (Doc. 5.) A copy of the order was transmitted to Petitioner, "to the finance office at the institution where plaintiff is currently confined, and to the court's finance office." *Id.* The deadline passed and the Court received nothing from Petitioner, so on October 22, 2026, the Court dismissed this case without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure. (Doc. 6.) Judgment was entered the same day. (Doc. 7.)

On November 2, 2026, Petitioner filed a document titled "Response [to] Memorandum and Order Dismissing Motion," in which he asks the Court to reopen this case. (Doc. 8.) He explains that he has no control over whether the Kansas Department of Corrections ("KDOC") sends payment to this Court and he asserts that his inmate account has been debited multiple times with purported payments for the filing fee in this case. *Id.* at 1-2. The Court liberally construes Petitioner's latest filing as a motion to reopen and will grant the motion.

Because Petitioner is a prisoner, the Court is required by statute to screen the petition for writ of mandamus and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief

may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a), (b), and (e)(2)(B). *See also Jenkins v. Trammell*, 2015 WL 10529346, *1 (W. D. Okla. Oct. 29, 2015) (applying § 1915A screening standards to petition for writ of mandamus); *cf. Green v. Nottingham*, 90 F.3d 415, 417-18 (10th Cir. 1996) ("[P]etitions for writ of mandamus are included within the meaning of the term 'civil action' as used in § 1915."). When screening, the Court liberally construes Petitioner's pro se petition and applies "less stringent standards than [are applied to] formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S.89, 94 (2007).

In the petition for writ of mandamus that began this case, Petitioner asks this Court to resolve certain motions he filed in the district court of Shawnee County, Kansas upon which the state district court has not yet ruled and to which Petitioner has received no response.(Doc. 1, p. 1-2.) The filings at issue include a motion to appoint new counsel, a motion for release, a motion to reinstate Petitioner's appeal bond, and a letter to the state district court clerk requesting certain paperwork. *Id.* at 2. Petitioner asks that this Court "take jurisdiction" over the motions and rule on them, granting him an appeal bond, awarding him jail-time credit, and appointing new counsel for the state-court proceedings, which are currently on appeal. *Id.* at 3-4.

Even liberally construing the petition, the Court concludes that it fails to state a claim on which relief may be granted. A petition for writ of mandamus is a pleading that seeks to compel a governmental employee or officer to perform a duty owed to the petitioner. Under 28 U.S.C. § 1361, federal district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." But Petitioner does not seek an order compelling a *federal* officer or employee to perform a duty; he seeks an order compelling a state district court judge to take certain actions in a case pending before him or her.

It is well-established that "[n]o relief against state officials or state agencies is afforded by § 1361." *Amisub (PSL), Inc. v. Colo. Dept. of Soc. Servs.*, 879 F.2d 789, 790 (10th Cir. 1989). In other

words, "[f]ederal courts have no power to issue writs of mandamus to state officers." *Jackson v. Standifird*, 463 Fed. Appx. 736, 738 n. 1 (10th Cir. 2012) (unpublished) (citing § 1361 and *Amisub (PSL), Inc.*). Even more specifically, the Tenth Circuit has held that federal courts "'have no authority to issue such a writ [of mandamus] to direct state courts or their judicial officers in the performance of their duties.'" *Knox v. Bland*, 632 F.3d 1290 (10th Cir. 2011) (quoting *VanSickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986) (internal quotation marks omitted)). Thus, the Court cannot grant Petitioner's request for a writ of mandamus ordering the state district court to rule on Petitioner's pending motions.

Alternatively, Petitioner asks this Court to independently rule on the motions, but he has cited no legal authority that would allow this Court to do so. This Court cannot simply "take jurisdiction" and rule on motions filed in state court in an ongoing state-court case. Additionally, to the extent that Petitioner asks this Court to instruct him how to proceed to obtain his desired relief, the Court cannot give Petitioner legal advice. *See, e.g.*, *Kruskal v. Martinez*, 859 F. App'x 336, 338 (10th Cir. 2021) (unpublished) (holding that federal "district court could not give legal advice" to a pro se litigant who sought information about where to file his appeal); *Betts v. Spies*, 2022 WL 1288421, *1 (D. Kan. Apr. 29, 2022) (unpublished) ("[T]he Court cannot provide Plaintiff with legal advice.").

For the reasons explained above, the Court concludes that this matter is subject to dismissal for failure to state a claim on which relief could be granted. Petitioner is directed to show cause why this matter should not be dismissed with prejudice. The failure to file a timely response to this order will result in the dismissal of this matter without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED THAT** the response (**Doc. 8**) is liberally construed as a motion to reopen and is **granted**. The Clerk is directed to reopen this matter and to vacate the October 22, 2026 memorandum and order dismissing this case (Doc. 6) and the judgment entered the same day (Doc. 7).

**IT IS FURTHER ORDERED THAT** Petitioner is granted until and including **December 10, 2026** to show cause why this case should not be dismissed with prejudice for the reasons set forth in this order.

**IT IS SO ORDERED**.

Dated on this 6th day of November, 2026, in Kansas City, Kansas.

s/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge