**FILED**
**U.S. District Court**
**District of Kansas**
11/25/2026
**Clerk, U.S. District Court**
**By: MSB Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**BRYCE WILKINS, SR.,**

**Petitioner,**

**v.** **CASE NO. 26-3314-JWL**

**STATE OF KANSAS, et al.,**

**Respondents.**

**MEMORANDUM AND ORDER**

On November 6, 2026, the Court issued a memorandum and order directing Petitioner to show cause, in writing, why this mandamus action should not be dismissed with prejudice because it fails to state a claim on which relief could be granted. (Doc. 9.) This matter comes now before the Court on Petitioner's timely response. (Doc. 10.) To his credit, Petitioner agrees with the Court's conclusion that this case should be dismissed with prejudice. *Id.* at 1. Therefore, the Court will do so.

In addition, Petitioner asks the Court to waive the remaining amount he owes toward the filing fees for this case. *Id.* at 2. Unfortunately, this Court cannot grant Petitioner's request. The controlling statute requires that once a prisoner who has been granted leave to proceed in forma pauperis pays any assessed

> initial partial filing fee, the prisoner *shall* be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner *shall* forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 *until the filing fees are paid*.

28 U.S.C. § 1915(b)(2) (emphasis added).

Petitioner is a prisoner, was granted leave to proceed in forma pauperis, and the initial partial filing fee—plus additional payments—have been debited from his inmate account to be forwarded to the Court. Therefore, § 1915(b)(2) requires him to pay the full amount of the filing fee and it requires

the agency having custody of him to forward payments to the clerk of the court until the full amount is paid. *See Bruce v. Samuels*, 577 U.S. 82, 83-84 (2016) (noting that indigent prisoners used to be allowed to file a civil action without paying any filing fee, but since Congress passed the Prison Litigation Reform Act of 1995, prisoners proceeding in forma pauperis are "require[d]" to pay an initial partial filing fee if able and "must pay" the remainder of the filing fee in monthly installments). Thus, the Court must deny Petitioner's request that he be excused from this statutory obligation. *See Neil v. Maag*, 2023 WL 4295369, *7 (D. Kan. June 30, 2023) (unpublished) (denying motion to waive the filing fee).

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed with prejudice** because it fails to state a claim on which relief could be granted.

**IT IS SO ORDERED**.

Dated on this 25th day of November, 2026, in Kansas City, Kansas.

s/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge